**KERSHAW, CUTTER & RATINOFF, LLP**
C. Brooks Cutter, SBN 121407
John R. Parker, Jr., SBN 257761
Rebecca A. Hause-Schultz, SBN 292252
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499
E-mail: bcutter@kcrlegal.com
       jparker@kcrlegal.com

Attorneys for *Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROLAND MAYO, II, DELANIA KENTON, and SYNTHEA JONES,<br><br>         Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, VETERAN'S ADMINISTRATION NORTHERN CALIFORNIA HEALTH CARE, and DOES 1 through 100, inclusive,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT FOR MEDICAL NEGLIGENCE and ORDINARY NEGLIGENCE, and DEMAND FOR JURY TRIAL** |

Plaintiffs, ROLAND MAYO, II, DELANIA KENTON, and SYNTHEA JONES, complain of Defendants, and each of them, and allege as follows:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1.      This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 because the defendants are the United States of America and/or employees of the United States of America.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the events leading to the wrongful acts complained of herein and the resulting claims against

Defendants herein arose in the County of Sacramento, State of California.

3.     Plaintiffs have fully performed all the necessary steps required before this action can be filed. In accordance with 28 U.S.C. §2401(b) and §2675(a), Plaintiffs timely served on or about December 16, 2014, a Claim for Damage, Injury, or Death upon the Department of Veterans' Affairs, VA San Francisco Regional Office. Plaintiffs received correspondence from the Department of Veterans' Affairs on or about December 29, 2014, formally acknowledging that it received the Claim on December 19, 2014. By matter of law, the Claim is deemed denied if a federal agency fails to make a final disposition of the Claim within six months after it is filed. 28 U.S.C. § 2675(a). The Department of Veterans' Affairs, VA San Francisco Regional Office, has to date failed to make a final disposition of Plaintiffs' Claim.

**PARTIES**

4.     Plaintiffs, Roland Mayo, II, Delania Kenton, and Synthea Jones, are the surviving adult children of Roland Mayo, an American veteran. Plaintiffs are now, and were at all times mentioned herein, citizens of the State of California.

5.     Defendant United States of America Veteran's Administration, Northern California Health Care (hereinafter "United States") is a named Defendant pursuant to 38 U.S.C. § 7316 because the negligence herein alleged arose from medical treatment that Roland Noel Mayo received from the physicians and staff of the Veteran's Administration Northern California Health Care System Sacramento VA Medical Center (hereinafter "Sacramento VAMC"), whose names are unknown to Plaintiffs, and who are sued herein as DOES 1 through 100.

6.     Defendants DOES 1 through 100, inclusive, are sued herein under fictitious names because their true names and capacities, whether individual, associate, corporate, governmental or otherwise, are unknown to plaintiffs. Plaintiffs will ask leave of this Court to amend this complaint to assert the true names and capacities of said defendants when same are ascertained. Plaintiffs are informed and believe and hereon allege that each of the defendants designated herein as DOES 1 through 100 or named are negligently, carelessly, recklessly, strictly or otherwise responsible in some manner for the events and happenings herein referred to and

caused damages directly and proximately thereby to plaintiffs.

7.     Defendants DOES 1 through 100 are sued as agents, servants, and/or employees of Defendant United States and/or agents, servants, and/or employees of each other. All of the acts performed by DOES 1 through 100 as agents, servants, and/or employees were performed within the course and scope of their agency, servitude, and/or employment, and with the consent of each of the Defendants.

8.     At all times material to this Complaint, the physicians, nurses, and staff of the Sacramento VAMC, sued herein as DOES 1 through 100, provided medical care to Roland Mayo. Said defendants acted under color of the statutes, customs, ordinances, policies and usage of Defendant United States.

## FIRST CAUSE OF ACTION

### (Medical Negligence)

9.     Plaintiffs incorporate by reference each and every paragraph in this Complaint as though fully set forth herein.

10.     At all times mentioned herein, Defendant physicians, nurses, and staff of the Sacramento VAMC, listed herein as DOES 1 through 100, and each of them, were practicing physicians and/or medical doctors, and/or medical specialists, and/or nurses, and/or technicians, without being limited thereto, in the County of Sacramento, State of California. Each of said defendants at all relevant times was duly licensed to practice medicine and/or to provide medical care and hospital treatment under the laws of the State of California. Each of said defendants at all times mentioned herein held themselves out to the general public and to Roland Mayo, as possessing the degree of skill, training, knowledge, ability and learning as medical practitioners and/or medical specialists in their respective communities, as well as skilled, careful and diligent in the practice and profession of medicine and/or medical specialties. Defendants owed Roland Mayo a duty to use the level of skill, knowledge, and care in his diagnosis and treatment that other reasonably careful medical practitioners would use in the same or similar circumstances.

11.     Roland Mayo was a 65-year-old Vietnam veteran. On October 8, 2014 Roland

Mayo was admitted to the Sacramento VAMC to replace a stent in his carotid artery. Thereafter, Roland Mayo was under the custody and care of the United States and DOES 1 through 100 until his death on October 17, 2014.

12.      On October 8, 2014, Defendants DOES 1 through 100 mistakenly placed a do not resuscitate / do not intubate ("DNR/DNI") wristband on his Roland Mayo's arm during his admission to the Sacramento VAMC. Later that day, Roland Mayo underwent an aortobifemoral bypass surgery with left common femoral artery reconstruction. On October 15, 2014, Roland Mayo underwent a sartorius myoplasty surgery. During his recovery from the surgeries, Roland Mayo began to experience, stomach pain, nausea, and vomiting.

13.      On October 18, 2014, Roland Mayo was left in the bathroom of his hospital room. Defendants DOES 1 through 100 found Roland Mayo sitting on the toilet. He was covered in vomit and other gastric contents, which were streaming out of his mouth. He was unresponsive and had a faint, tachycardic pulse. Defendants lifted Roland Mayo onto his bed and attempted to clean his vomit through suction. Defendants observed the DNR/DNI bracelet on Roland Mayo's arm. Defendants made no effort to resuscitate Roland Mayo.

14.      Approximately three to four minutes passed. Sacramento VAMC staff suddenly informed Roland Mayo's attending physicians that he was not a DNR/DNI patient. Immediately, the doctors attempted to resuscitate Roland Mayo by performing cardiopulmonary resuscitation (CPR) and intubation. Roland Mayo did not survive. His cause of death was respiratory failure and death from aspiration.

15.      During Roland Mayo's stay at the Sacramento VAMC, Defendants failed to exercise the standard of care and skill ordinarily and reasonably required of physicians, nurses, surgeons, and other health practitioners, through various acts or omissions, including, but not limited to, the following:

   a) Failing to properly document and follow Roland Mayo's desires for a DNR/DNI order;

   b) Mistakenly placing a DNR/DNI wristband on Roland Mayo's arm during his

admission to the Sacramento VAMC;

c) Failing to appropriately monitor Roland Mayo's vital signs during his hospitalization;

d) Failing to conduct medical imaging and other diagnostic monitoring of Roland Mayo's heart conditions following his surgery;

e) Delaying intubation, cardiopulmonary resuscitation, and other lifesaving medical interventions while Roland Mayo was choking on his own vomit;

f) Failing to properly administer cardiopulmonary resuscitation and other lifesaving medical interventions after Roland Mayo experienced respiratory failure; and

g) Failing to place Roland Mayo on proper life support after he experienced respiratory failure.

16.     Defendants' conduct directly led to Roland Mayo's receiving delayed medical interventions during crucial moments. As a direct result of the negligence, carelessness and other tortious, unlawful, and wrongful acts and conduct of the Defendants, and each of them, the efforts to resuscitate and intubate Roland Mayo on or about October 17, 2014, were delayed, resulting in his death and injuries and damages to Plaintiffs, his surviving children. Each of the wrongful acts on the part of Defendants was a proximate cause of the injuries and subsequent death of Roland Mayo, as well as the damages to his surviving children. Therefore, the United States is liable for all damages caused by such acts as provided by 28 U.S.C. § 2674 of the Federal Tort Claims Act and other applicable laws.

## SECOND CAUSE OF ACTION

### (Ordinary Negligence)

17.     Plaintiffs incorporate by reference each and every paragraph in this Complaint as though fully set forth herein.

18.     Defendant United States owed a nondelegable duty to Roland Mayo to hire, train, and supervise the employees in its Veterans Administration hospitals so that such employees would deliver care and services to American veterans like Roland Mayo in a safe and beneficial

manner in order to meet their basic medical and healthcare needs.

19.     The United States owed Roland Mayo a duty to exercise ordinary care and to render care and services to America's veterans as a reasonably prudent and similarly situated healthcare provider would render. The United States violated its duty of care to Roland Mayo through various acts or omissions, including, but not limited to, the following:

a) Failing to properly train and supervise its employees to document and follow Roland Mayo's desires for a DNR/DNI order;

b) Failing to train and supervise its employees to verify Roland Mayo's desires for a DNR/DNI order upon his admission to the Sacramento VAMC;

c) Failing to establish policies, procedures, and medical staffing levels at its Sacramento VAMC hospital to appropriately monitor Roland Mayo's vital signs during his hospitalization; and

d) Failing to establish policies, procedures, and medical staffing levels at its Sacramento VAMC hospital to appropriately conduct medical imaging and other diagnostic monitoring of Roland Mayo's heart conditions following his surgery;

e) Various other nonmedical acts and omissions, as set forth in the testimony and depositions taken in this action.

20.     A reasonably prudent healthcare provider would have provided the ordinary care to America's veterans, such as Roland Mayo, listed above. Each of the wrongful acts on the part of the United States was a proximate cause of the injuries and subsequent death of Roland Mayo, as well as the damages to his surviving children. Therefore, the United States is liable for all damages caused by such acts as provided by 28 U.S.C. § 2674 of the Federal Tort Claims Act and other applicable laws.

**<u>WRONGFUL DEATH</u>**

21.     Plaintiffs incorporate by reference each and every paragraph in this Complaint as though fully set forth herein.

22.     As a direct and proximate result of the previously alleged conducted, Defendants

caused the death of Roland Mayo.

23. As a direct and proximate cause of the acts and omissions of each Defendant, Plaintiffs, Roland Mayo, II, Delania Kenton, and Synthea Jones, have been deprived of their father's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and guidance. Plaintiffs will continue to suffer these damages for the remainder of their lives. Plaintiffs have also incurred funeral, burial, and other expenses following their father's death.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1. For general damages in a sum in excess of the jurisdictional minimum of this Court;

2. For all funeral, burial and other expenses according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

Dated: June 24, 2015        **KERSHAW, CUTTER & RATINOFF, LLP**

By:   /S/ C. Brooks Cutter
         C. Brooks Cutter
         John R. Parker, Jr.
         Rebecca A. Hause-Schultz
         401 Watt Avenue
         Sacramento, CA 95864
         Telephone: (916) 448-9800
         Facsimile: (916) 669-4499

         *Attorneys for Plaintiffs*